UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY JAMES GEREN, | Case No. 1:19-cv-01662-DAD-SAB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| R. FISHER, et.al., | |
| Defendants. | [ECF No. 19] |

Plaintiff Randy James Geren is appearing *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed February 27, 2020.

**I.**

**RELEVANT BACKGROUND**

Plaintiff filed the instant action on November 25, 2019.

On December 30, 2019, Plaintiff paid the $400.00 filing fee for this action.

On January 3, 2020, the Court screened Plaintiff's complaint and found that Plaintiff failed to state any cognizable claims but granted leave to amend. (ECF No. 13.)

Plaintiff filed a first amended complaint on January 31, 2020, and a separate motion for the appointment of counsel. (ECF Nos. 14, 15.)

On February 4, 2020, the Court denied, without prejudice, Plaintiff's motion for the appointment of counsel. (ECF No. 16.)

On February 19, 2020, the Court issued a second screening order finding that Plaintiff failed to state any cognizable claims and granted leave to amend. (ECF No. 18.)

Currently before the Court is Plaintiff's second amended complaint, filed February 27, 2020. (ECF No. 19.)

Plaintiff's second amended complaint is a *verbatim* copy of the first amended complaint filed on January 31, 2020, with the exception of three non-substantive pages relating to the request for relief and proof of service. (See ECF Nos. 14 & 19.)

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service,

572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the second amended complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names licensed vocational nurse Nultz and correctional officer Lovelady as Defendants.

On January 23, 2019, Plaintiff was forced to have a Cat-scan with iodine contrast which causes a severe allergic reaction. Approximately an hour after the procedure, Plaintiff had an anaphylactic reaction to the iodine contrast. Plaintiff immediately went to the C-yard medication window and informed licensed vocational nurse Doe that he was having an allergic reaction to the iodine contrast, and he was having difficulty breathing and was in severe pain. Plaintiff also showed nurse Doe his arm which was swollen to twice its normal size.

Licensed vocational nurse Nultz told Plaintiff to go next door to the clinic to see the registered nurse. Nultz chose to disregard the California Department of Corrections and Rehabilitation (CDCR) medical policy and procedures for emergency medical care.

When Plaintiff reported to C-yard medical clinic, officer Lovelady was working at the front desk. Plaintiff informed officer Lovelady that he was having an anaphylaxis shock/reaction to the iodine contrast, and Plaintiff was instructed to see the registered nurse at the clinic. Plaintiff contends at this point, Lovelady knew of the need for emergency medical care.

Officer Lovelady told Plaintiff that he could not go in the clinic wearing a blue shirt. Plaintiff contends there is no such thing as a "blue shirt" requirement to receive emergency medical care. Plaintiff had to wait for thirty minutes to get the blue shirt. After Plaintiff received his blue shirt, he reported back to the clinic and was informed by officer Lovelady that they were very busy, to wait outside, and someone would see him when they had a chance. Plaintiff immediately informed Nultz

of the information provided by officer Lovelady but nothing was done. Plaintiff waited outside for another sixty minutes in extreme pain, and he was unable to breath properly.

After waiting the thirty minutes, Plaintiff went back to the medication window and told Nultz that he needed help because it was getting harder to breath and the pain was getting worse. Nultz then activated her personal alarm and Plaintiff received an antihistamine injection.

# IV.

# DISCUSSION

## A. Deliberate Indifference to Serious Medical Need

While Plaintiff is entitled to medical care while incarcerated, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To state a claim a plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cnty., Ariz., 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122 ("The deliberate indifference doctrine is limited in scope.").

///

Further, "[a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, a plaintiff is required to show that the course of treatment selected was "medically unacceptable under the circumstances" and that the defendant "chose this course in conscious disregard of an excessive risk to plaintiff's health." Snow, 681 F.3d at 988 (quoting Jackson, 90 F.3d at 332).

Plaintiff has failed to demonstrate deliberate indifference on the part of Nultz and/or Lovelady. Even assuming the validity of Plaintiff's allegations, as this Court must, Plaintiff has failed to set forth sufficient factual circumstances to infer that either Nultz or Loveday recognized the need for immediate medical care and failed to act thereafter. Indeed, Plaintiff acknowledges that after he complained the second time to nurse Nultz, she immediately activated the personal alarm and Plaintiff was provided treatment. Further, the mere violation of CDCR policy does not give rise to a claim for deliberate indifference. See Cousins v. Lockyer, 568 F.3d 1063, 1070-71 (9th Cir. 2009) (violation of a prison regulation does not amount to a constitutional violation). At most, such a violation would amount to negligence, which is insufficient to state a claim for deliberate indifference. See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); Toguchi v. Chung, 391 F.3d at 1060 (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights). Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference.

## V.

## RECOMMENDATION

For the reasons discussed herein, Plaintiff fails to state a cognizable constitutional claim for relief. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's second amended complaint is *identical* to the first amended complaint. Based upon the allegations in Plaintiff's original, first and second amended complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a constitutional claim for relief, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when

amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, IT IS HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 3, 2020**
                                               _____
                                               UNITED STATES MAGISTRATE JUDGE