**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RANDY JAMES GEREN, | Case No. 1:19-cv-01662-DAD-SAB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION RECOMMENDING THE ACTION BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| R. FISHER, et.al., | |
| Defendants. | [ECF No. 27] |

Plaintiff Randy James Geren is appearing *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed on June 8, 2020.

I.

RELEVANT BACKGROUND

Plaintiff filed the instant action on November 25, 2019.

On December 30, 2019, Plaintiff paid the $400.00 filing fee for this action.

On January 3, 2020, the Court screened Plaintiff's complaint and found that Plaintiff failed to state any cognizable claims but granted leave to amend.  (ECF No. 13.)

Plaintiff filed a first amended complaint on January 31, 2020, and a separate motion for the appointment of counsel.  (ECF Nos. 14, 15.)

On February 4, 2020, the Court denied, without prejudice, Plaintiff's motion for the appointment of counsel.  (ECF No. 16.)

On February 19, 2020, the Court issued a second screening order finding that Plaintiff failed to state any cognizable claims and granted leave to amend.  (ECF No. 18.)

On February 27, 2020, Plaintiff filed a second amended complaint which was a verbatim copy of the first amended complaint.  (ECF No. 19.)

On March 4, 2020, the undersigned issued Findings and Recommendations recommending that the instant action be dismissed for failure to state a cognizable claim for relief.  (ECF No. 20.) Plaintiff filed objections to the Findings and Recommendations on April 17, 2020.  (ECF No. 23.)  On May 4, 2020, the District Judge declined to adopt the Findings and Recommendations at that time without any analysis, and out of an abundance of caution, granted Plaintiff one final opportunity to file a second amended complaint.  (ECF No. 24.)

As previously stated, on June 8, 2020, Plaintiff filed the instant second amended complaint.  (ECF No. 27.)

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

2

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the second amended complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names licensed vocational nurse Nultz and correctional officer Lovelady as Defendants.

On January 23, 2019, Plaintiff was forced to have a Cat-scan with Iodine-Contrast, which the Defendants knew Plaintiff was allergic to.  Approximately an hour after the scan, Plaintiff had an anaphylactic reaction to the Iodine-Contrast.  Plaintiff immediately went to the C-yard medication window, and informed nurse Nultz that he was having an allergic reaction, that he was in severe pain, and showed her his arm which was swollen to twice its normal size.  Nultz told Plaintiff "[t]o go next door to the Clinic, to see the nurse."

When Plaintiff reported to the C-yard medical clinic, officer Lovelady was working at the front desk.  Plaintiff informed Lovelady that he was having an anaphylasis allergic reaction to the Iodine-Contrast, and nurse Nultz advised him to go to the clinic.  Officer Lovelady told Plaintiff that he could not go inside the Clinic without a blue shirt on.  There is no such thing as a "blue-shirt" requirement to received necessary medical care.  This was something Lovelady made up to deny Plaintiff access to the clinic.

///

///

3

Plaintiff immediately returned to the medication window and informed nurse Nultz that he was not allowed to see the nurse and had to wait thirty minutes for the housing unit unlock to get his "blue-shirt." At that point, nurse Nultz should have activated her personal alarm, so that Plaintiff could receive the necessary medical care.

After Plaintiff got his "blue-shirt," he returned to the clinic. Officer Lovelady told Plaintiff, "we are very busy, go wait outside, someone [will see you], when they get a chance."

Plaintiff immediately informed nurse Nultz what Lovelady said. However, Nultz chose to do nothing to ensure that Plaintiff receive medical care. Plaintiff waited outside the clinic for an additional thirty minutes. After waiting for thirty minutes, Plaintiff continued to have difficulty breathing and was in pain. Plaintiff went back to the medication window and told nurse Nultz "[I] need help. It['s] getting harder to breath, and my pain is getting worse." Nultz then activated her personal alarm to summon immediate medical care for Plaintiff.

## DISCUSSION

### A.      Deliberate Indifference to Serious Medical Need

While Plaintiff is entitled to medical care while incarcerated, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To state a claim a plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cnty., Ariz., 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

4

Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122 ("The deliberate indifference doctrine is limited in scope.").

Further, "[a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, a plaintiff is required to show that the course of treatment selected was "medically unacceptable under the circumstances" and that the defendant "chose this course in conscious disregard of an excessive risk to plaintiff's health." Snow, 681 F.3d at 988 (quoting Jackson, 90 F.3d at 332).

Even when viewing the facts in the light most favorable to Plaintiff, the second amended complaint does not allege a deliberate delay or failure to provide medical assistance once Defendants learned that Plaintiff was suffering a serious allergic reaction. To the contrary, the second amended complaint itself alleges that once Plaintiff told nurse Nultz "[I] need help. It['s] getting harder to breath, and my pain is getting worse," Nultz then activated her personal alarm to summon immediate medical care for Plaintiff. The second amended complaint fails to otherwise allege that Defendants failed to provide immediate medical assistance. The mere fact that Plaintiff was advised to wait until he could be seen by a medical professional, does not demonstrate deliberate indifference. Further, Plaintiff has failed to demonstrate that the slight delay in receiving treatment had any effect on Plaintiff's condition or outcome. Therefore, Plaintiff fails to set forth the necessary facts to conclude that Defendants' conduct was deliberately indifferent.

### B.    California Government Code Section 845.6

Plaintiff alleges a violation of California Government Code § 845.6 ("Section 845.6") for failing to take reasonable action to summon medical care following the Cat-scan with Iodine-Contrast.

///

///

Section 845.6 provides, in pertinent part, as follows:

> Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but, except as otherwise provided by Sections 855.8 and 856, a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

Cal. Gov't Code § 845.6.  The Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.[1]  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950, 950.2 (West 2011).  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Government Claims Act.  Shirk, 42 Cal.4th at 209; Bodde, 32 Cal.4th at 1239; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).  Liability to public entities and public employees under Section 845.6 is "limited to serious and obvious medical conditions requiring immediate care." Lucas v. Cty. of Los Angeles, 47 Cal. App. 4th 277, 288 (1996).  "[S]ection 845.6 creates out of the general immunity a limited cause of action against a public entity for its employees' failure to *summon* immediate medical care only .... The statute does not create liability of the public entity for malpractice in furnishing or obtaining that medical care." Castaneda v. Dep't of Corrs. & Rehab., 212 Cal.App.4th 1051, 1070 (2013) (emphasis in original); Frary v. Cty. of Marin, 81 F. Supp. 3d 811, 842 (N.D. Cal. 2015).

---

[1] Formerly known as the California Tort Claims Act.  City of Stockton v. Superior Court, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

Here, Plaintiff has not alleged that he complied with the Government Claims Act. Nowhere in the complaint does Plaintiff al that he filed any written claim with the appropriate public entity related to Defendants' alleged denial of medical attention. Because the presentation of a written claim to the public employer is a prerequisite to bringing this state law cause of action, see Mangold, 67 F.3d at 1477, this claim must be dismissed. Further, Plaintiff alleged that Defendants Lovelady and Nultz knew that he was in need of medical care after the Cat-scan with Iodine-Contrast, yet they failed to take reasonable action to summon medical care. However, Plaintiff's allegations make clear that neither Lovelady nor Nultz ignored Plaintiff's medical conditions. Indeed, it is clear from the allegations in the second amended complaint that once Plaintiff told nurse Nultz "[I] need help. It['s] getting harder to breath, and my pain is getting worse," Nultz then activated her personal alarm to summon immediate medical care for Plaintiff. There are insufficient allegations in the second amended complaint that suggests the timing of Defendants' response to Plaintiff's condition was dilatory or otherwise unreasonable. Therefore, the second amended complaint fails to state a claim that Defendants Lovelady and Nultz failed to take reasonable action to summon medical treatment.

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons discussed herein, Plaintiff fails to state a cognizable constitutional claim for relief. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's second amended complaint is largely identical to the original and first amended complaints. Based upon the allegations in Plaintiff's original, first and second amended complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a constitutional claim for relief, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, IT IS HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __**June 18, 2020**__

UNITED STATES MAGISTRATE JUDGE

8