UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY JAMES GEREN,<br><br>    Plaintiff,<br><br>    v.<br><br>R. FISHER, et al.,<br><br>    Defendants. | No. 1:19-cv-01662-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT<br><br>(Doc. No. 28) |

Plaintiff Randy James Geren is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 19, 2020, the assigned magistrate judge screened the second amended complaint ("SAC") and issued findings and recommendations recommending that this action be dismissed due to plaintiff's failure to state a cognizable claim upon which relief may be granted. (Doc. No. 28.) In particular, the magistrate judge found that plaintiff failed to state a cognizable claim of deliberate indifference to his serious medical needs because he did not allege that defendants deliberately delayed providing him medical assistance once they learned that he was suffering a serious allergic reaction, and indeed plaintiff alleges that once he told defendant nurse Nultz that he "need[ed] help" and "[it's] getting harder to breath, and [his] pain is getting worse," defendant Nultz activated her personal alarm to summon immediate medical care for him. (*Id.* at 5.) In

addition, the magistrate judge found that plaintiff failed to state a claim under California Government Code § 845.6 for failure to take reasonable action to summon medical care because: (1) plaintiff's SAC does not allege compliance with the Government Claims Act; (2) plaintiff's allegations show that defendants did not ignore plaintiff's medical need—defendants did summon immediate medical care; and (3) plaintiff's allegations do not suggest that "the timing of defendants' response to plaintiff's condition was dilatory or otherwise unreasonable." (*Id.* at 7.) The magistrate judge also found that granting further leave to amend would be futile because the allegations in plaintiff's original, first amended, and second amended complaints all failed to state a claim for relief, despite the guidance provided to plaintiff in the court's screening orders regarding the pleading and legal standards applicable to the claims he was attempting to assert. (*Id.*)

The pending findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 8.) After receiving an extension of time to do so, plaintiff timely filed objections to the pending findings and recommendations on July 20, 2020. (Doc. No. 31.)

In his objections, plaintiff disputes the magistrate judge's characterization of the time that passed between when he started complaining of an allergic reaction to when defendants summoned medical care for him as a "slight delay." (*Id.* at 3–4.) Plaintiff contends that the total delay of about one hour was not slight and that medical care should have been summoned immediately when he first reported to defendant Nultz that he was having an allergic reaction. (*Id.* at 4–8.) However plaintiff does not contest the magistrate judge's summary of plaintiff's allegations, including that when plaintiff complained to defendant nurse Nultz about his allergic reaction, she told him to go see the nurse in the clinic next door, but defendant officer Lovelady subsequently denied plaintiff access to the clinic because he was not wearing a blue shirt, and when plaintiff returned thirty minutes later with his shirt on, he was asked to wait outside because the clinic was very busy. (Doc. No. 28 at 3–4.) After waiting outside for an additional thirty minutes, plaintiff then returned to defendant Nultz because he was having difficulty breathing and was in worse pain, and in response, she activated her personal alarm to summon immediate

medical care. (*Id.*) The undersigned agrees with the magistrate judge's findings that plaintiff's allegations are insufficient to state a cognizable claim for deliberate indifference to a serious medical need. Further, as the magistrate judge correctly noted, plaintiff alleges in his SAC that defendants did summon medical care for him. Thus, his allegations are also insufficient to state a claim under Government Code § 845.6 for failure to take reasonable action to summon medical care. *See Castaneda v. Dep't of Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1073 (2013) (holding that immunity under § 845.6 applied to defendants despite a three-week delay in summoning care, because a doctor's decision to circle "routine" instead of "urgent" on the referral form "was a matter within [the doctor's] medical judgment," and it was "certainly not a failure to summon").

Plaintiff also objects to the pending findings and recommendations because he contends that he has complied with the Government Claims Act. (Doc. No. 31 at 8–9.) Plaintiff explains that he timely filed the required tort claim form with the Government Claims Board on July 17, 2019, and in response to the Board's May 11, 2020 letter to plaintiff requesting payment of the required $25.00 filing fee, plaintiff paid the fee on June 23, 2020. (*Id.*) In addition, plaintiff attached copies of his tort claim form, the Board's response letter, and his fee payment form as exhibits to his objections to the pending findings and recommendations. (*Id.* at 15–33.) While this additional information would support a decision by the court to grant plaintiff leave to further amend his complaint to sufficiently allege his compliance with the Government Claims Act, the undersigned agrees with the magistrate judge's finding that the granting of further leave to amend in this case would nevertheless be futile because plaintiff has failed to state a § 845.6 claim, for the reasons explained above.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

/////

/////

/////

Accordingly,

1. The findings and recommendations issued on June 19, 2020 (Doc. No. 28) are adopted in full;
2. This action is dismissed due to plaintiff's failure to state a cognizable claim for relief; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **December 24, 2020**

UNITED STATES DISTRICT JUDGE

4